**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

CASE NO: 3:21-cv-00489

**ELIZABETH DONELL,**
individually and on behalf of all
others similarly situated,                                        **CLASS ACTION**

      Plaintiff,                                        **JURY TRIAL DEMANDED**

v.

**HUMANA, INC.,**

      Defendant.

_____/

**FIRST AMENDED CLASS ACTION COMPLAINT**

      Plaintiff Elizabeth Donell brings this class action against Defendant Humana, Inc. ("Defendant") and alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

      1.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

      2.     Defendant places solicitation calls to telephone numbers listed on the National Do Not Call Registry without first obtaining the required consent. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of

1

the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

4.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

5.     Plaintiff is a natural person who, at all times relevant to this action, was a citizen of the State of Louisiana.

6.     Defendant is a Delaware corporation whose principal office is located at 500 West Main Street, Louisville, KY 40202. Defendant directs, markets, and provides its business activities throughout the state of Louisiana.

7.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

2

8.     Beginning in approximately December of 2020, Defendant began calling Plaintiff's cellular telephone number ending in 9204 (the "9204 Number") with solicitation calls.

9.     The purpose of these calls was to encourage the purchase or rental of, or investment in, Defendant's property, goods, or services.

10.     At the time Plaintiff received these calls she was the subscriber and/or sole user of the 9204 Number.

11.     The 9204 Number is Plaintiff's personal cell phone number and not a business phone number.

12.     The 9204 Number has been registered with the National Do Not Call Registry since October 18, 2020.

13.     Plaintiff does not, and has never had, a healthcare plan with Humana, has never consented to receive solicitation calls from Defendant, and has never provided the 9204 Number to Defendant.

14.     In total, Plaintiff received approximately 15 calls from Defendant.

15.     Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district.

16.     Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

17.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

18.     Plaintiff brings this case on behalf of the Class defined as follows:

**DO NOT CALL REGISTRY CLASS:** All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services; (5) who did not purchase or transact business with Defendant during the eighteen (18) months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three (3) months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.

19.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

20.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

NUMEROSITY

21.     Upon information and belief, Defendant has placed solicitation calls to cellular telephone numbers belonging to thousands of consumers who listed their numbers on the National DNC Registry throughout the United States.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.    The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.   Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

23.    There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

a)  Whether Defendant initiated solicitation calls to telephone numbers listed on the National Do Not Call Registry;

b)  Whether Defendant had consent to place these solicitation calls;

c)  Whether Defendant is liable for damages, and the amount of such damages; and

d)  Whether Defendant should be enjoined from such conduct in the future.

24.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

25.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

26.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

29.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-28 as if fully set forth herein.

30.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

31.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

32.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

33.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

34.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the

National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

35.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

36.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

37.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    b)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

    c)  An injunction prohibiting Defendant from initiating calls to telephone numbers listed on the National Do Not Call Registry;

d) As a result of Defendant's knowing and/or willful violations of  47 U.S.C. §§  227, *et seq*., Plaintiff seeks for himself and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3);

e) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3);

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Respectfully submitted,

Dated: July 15, 2021

| | |
|---|---|
| *By:  /s/ Ignacio Hiraldo*<br>**IJH Law**<br>Ignacio Hiraldo, Esq.<br>*(pro hac vice)*<br>Fl. Bar No. 56031<br>1200 Brickell Ave. Suite 1950<br>Miami, FL 33131<br>E: IJhiraldo@IJhlaw.com<br>T: 786-496-4469 | **KIRKLAND LAW LLC**<br>Jonathan Mille Kirkland, Esq.<br>LA Bar Roll No. 37937<br>jmk@kirklandlw.com<br>One Galleria Blvd, Suite 1900<br>Metairie, Louisiana 70001<br>P: (504) 370-9077 |

*Attorneys for Plaintiff and the Proposed Class*